UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SUSAN WILLIAMS ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> NCO FINANCIAL SYSTEMS, INC. ) <br> ) <br> Defendant ) | Case Number <br><br><br> CIVIL COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Susan Williams, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Susan Williams, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business in this district and the Defendant's principal place of business is in this district.

### III. PARTIES

4. Plaintiff, Susan Williams, is an adult natural person residing at 106 Carriage Drive, Osceloa, AR 72370.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about January 13, 2010, Plaintiff began receiving calls from Defendant's agent collecting on an alleged school loan.  Defendant's agent told the Plaintiff that he was from the US Department of Education.

8. Defendant's agent requested the Plaintiff's checking account and routing information and demanded the Plaintiff make a payment right then and there in the amount of $484.00.

9. Plaintiff was told that if the payment was not made that day Defendant would garnish her wages.

10. Plaintiff explained that she was a full time student and that she thought that her payments were deferred until she graduated.  Defendant's agent stated that it did not matter if she was in school full time she was still facing garnishment to pay back her loan.

11. On or about January 14, 2010, Plaintiff received additional calls at her palce of employment looking for payment on this school loan.

12. Throughout the month of Janaury, 2010, Plaintiff received calls from the Defendant some which came in before 7:30 am and after 9:00 pm.  Defendant knew or should have known this action was a violation of The Fair Debt Collections Practices Act.

13. Defendant's agent called Plaintiff and told her that she had to find a way to pay off this debt.  Agent went on to tell the Plaintiff that he knew that she had a Bank of America credit card and she should use that to pay off her loan.  Plaintiff was unsure why he would say this, because she does not have said credit card.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

15. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of :

   §§ 1692c(a)(1)  At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2) | Character, amount, or legal status of the alleged debt |
| §§ 1692e(4) | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachement |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    d.    Reasonable attorney's fees and litigation expenses, plus costs of suit;

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: March 26, 2010**    **BY:   /s/Bruce K. Warren**
Bruce K. Warren, Esq.

**BY:   /s/Brent F. Vullings**
Brent F. Vullings, Esq.

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney's for Plaintiff